UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL M. RAYLE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-1344-RLY-JMS |
| ) | |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Paul M. Rayle ("Rayle") for a writ of habeas corpus challenging the prison disciplinary proceeding identified as No. ISR 07-04-0229, in which he was found guilty of the prison rule prohibiting the violation of any state law, is **denied** and this action is dismissed with prejudice. The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least "some evidence" to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error. Rayle's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that there was insufficient or "no" evidence to support his culpability,[1]

---

[1] The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and, together with the report of investigation and the expanded record of which Rayle had knowledge prior to the hearing, supports the determination that (1) on April 6, 2007, inmate Kent McDonald was found dead in his bunk at the Pendleton Correctional Facility, (2) an autopsy of McDonald's body determined that he had not died of natural causes, (3) McDonald's body exhibited "obvious blood stains and lacerations," (4) information was received by prison authorities to the effect that Rayle and Clay Howard (who had been McDonald's cellmate) were involved in the assault which resulted in McDonald's death, and (5) Rayle, as well as Howard, had marks on his person indicating that he had been involved in a recent altercation.

that the reliability of confidential informants was not adequately demonstrated,[2] and that there were other irregularities in the proceedings which undermined its validity.[3]

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Rayle to relief. Accordingly, Rayle is not held in custody as a result of the proceeding in violation of the Constitution, laws or treaties of the United States and is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: April 29, 2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[2] *Mendoza v. Miller,* 779 F .2d 1287, 1293, 1295 (7th Cir. 1985) (a conduct board may keep secret the identities and identifying information about confidential informants because "revealing the names of informants . . . could lead to the death or serious injury of . . . the informants; "prison officials may satisfy the inmate's right to procedural due process by documenting the reliability of the informant in a confidential report and submitting that report to the court for *in camera* review"); *Wagner v. Williford,* 804 F.2d 1012, 1016 (7th Cir. 1986) (upholding reliability determination only after noting that court below had been able to review the very same "confidential material on which the IDC relied" in making the determination); see also *Dawson v. Smith,* 719 F.2d 896, 899 (7th Cir. 1983).

[3] The other matters which are argued by Rayle are inconsequential, constitutionally speaking, because they rest on asserted violations of prison policies and procedures. *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied,* 516 U.S. 983 (1995).